**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Virginia Whitman, et al.,                    )
                                             )
                Plaintiffs,                  ) Case No. 1:14-CV-813
                                             )
        vs.                                  )
                                             )
Foremost Insurance Company,                  )
                                             )
                Defendant.                   )

O R D E R

This matter is before the Court on Defendant Foremost Insurance Company's

motion for summary judgment (Doc. No. 27).  For the reasons that follow, Defendant's

motion for summary judgment is well-taken and is **GRANTED.**

I. Background

The material facts in this case are not in dispute.

On September 22, 2012, Plaintiff Virginia Whitman was severely injured in a dog

attack that occurred at 4870 Winton Road, Cincinnati, Ohio ("the Winton Road property").

Title to the Winton Road property changed hands several times, but as is relevant here, it

was originally owned by The Gerson Company, Ltd.  The Gerson Company is an Ohio

limited liability company of which Michael Gerson is one of two members.

In October 2003, Gerson, on behalf of The Gerson Company, sold the Winton Road

property to Charles and Kimberly Toran under a land contract for $150,000.  Charles Toran

had previously worked for Gerson as the property manager at the Kings Court apartment

building, which is evidently adjacent to the Winton Road property.  It appears that the Torans made few if any payments to The Gerson Company under the land contract.

In August 2008, The Gerson Company sold the Winton Road property to the Torans for $120,000 and issued them a general warranty deed.  The Torans gave the Gerson Company a mortgage to secure the purchase price of the property.  Again it appears that the Torans made few if any mortgage payments to The Gerson Company.  Gerson testified that he did not take any steps to foreclose on the mortgage because Charles Toran's mother had cared for his mother at the end of her life and he was trying to help the Torans out.

Not only did the Torans fail to make their mortgage payments to The Gerson Company, they failed to pay the property taxes due.  At some point, a tax lien on the Winton Road property was issued.  The lien was purchased by Woods Cove, LLC.  Woods Cove sent a notice of its intent to foreclose the tax lien to Gerson in October 2012.  Gerson paid the lien on October 17, 2012, and took title to the Winton Road property from the Torans in lieu of foreclosure.

The Gerson Company purchased a "Dwelling Fire Three Policy Landlord" covering the Winton Road property from Foremost.  The named insured on the policy was "The Gerson Companies," but it also covers "employees of the person, persons or organization named on the Declarations Page for acts that occur on the premises and are within the course of employment."  The policy also defines "residence employee" as "an employee of yours who performs duties in connection with the maintenance or use of your premises, including household or domestic services[.]"  The policy provides coverage for up to

2

$500,000 for bodily injury or property damage caused by an accident on the insured premises.

As mentioned, on September 22, 2008, Virginia Whitman was severely injured during a dog attack that occurred when she entered the Winton Road property. The dog was owned by the Torans. It is not disputed that at the time of this incident, none of the Torans was formally employed by The Gerson Company, Michael Gerson, or any other of Gerson's businesses. Plaintiffs, Virginia Whitman, her husband Bruce Whitman, and her sons, Andrew and Jacob Whitman, sued the Torans in tort in state court for damages caused by the dog attack. In July 2014, Plaintiffs obtained a default judgment against the Torans in the total amount of almost $700,000.

Plaintiffs sought coverage for their damages from Foremost under the policy issued to The Gerson Company. Foremost denied Plaintiffs' claim on the grounds that the Torans are not named insureds according to the terms of the policy. Plaintiffs then filed this lawsuit seeking a declaration that Foremost is obligated to cover their claim. The Court has subject matter jurisdiction in this case because there is diversity of citizenship between the Plaintiffs and the Defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Complaint ¶¶ 2-3.

Foremost has moved for summary judgment on the grounds that the Torans are not named insureds under the terms of the policy, and therefore that coverage is not due. Foremost further argues that the Torans are not "employees" or "residence employees" of the name insured. Plaintiffs, however, argue that term "employee" is not defined by the policy and therefore is ambiguous and must be construed against Foremost. Plaintiffs contend that the Torans were either "employees" or "residence employees" of The Gerson

3

Company because they lived in and maintained the Winton Road property and that these services provided value or a benefit to The Gerson Company.

## II. Summary Judgment Standard of Review

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers. The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation omitted).

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. Guarino v. Brookfield Township Trs., 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment," Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. Anderson, 477 U.S. at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. United States v. Diebold Inc., 369 U.S. 654, 655 (1962).

The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at

4

249.  The court must assess "whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250.  "If the evidence is merely colorable, . . . or is not significantly probative, . . . the court may grant judgment."  Anderson, 477 U.S. at 249-50 (citations omitted).

III. Analysis

This is a diversity case so the Court applies the law of the forum state in accordance with the controlling decision of the state's highest court, unless the state's conflict of laws rules direct otherwise.  Grantham & Mann, Inc. v. American Safety Prod., Inc., 831 F.2d 596, 608 (6th Cir. 1987); Schultz v. Tecumseh Prod., 310 F.2d 426, 428 (6th Cir. 1962). Accordingly, the Court applies Ohio law to resolve the parties' dispute in this case.

The issue presented in this case is whether the Torans were either "employees" or "residence employees" under the terms of The Gerson Company's insurance policy.  In interpreting an insurance contract, the Court interprets undefined terms according to their plain and ordinary meaning.  Nationwide Ins. Mut. Fire Ins. Co. v. Guman Bros. Farm, 652 N.E.2d 684, 686 (Ohio 1995).  A term is not ambiguous simply because it is undefined - thus defeating Plaintiffs' contention that the term "employee" in the subject policy is ambiguous and must be construed in their favor because it is undefined.  Id.  Nationwide is directly on point and is dispositive of Plaintiffs' claim for coverage.

In Nationwide, the parties disputed whether the plaintiff was an "employee" under the terms of an insurance policy.  As in this case, the policy did not define the term "employee."  The Supreme Court of Ohio, nevertheless, concluded that "employee" was not ambiguous and that its plain and ordinary meaning was the black letter law definition

5

of "employee": "a person in the service of another . . . where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed . . . . One who works for an employer; a person working for salary or wages." 652 N.E.2d at 686 (quoting BLACK'S LAW DICTIONARY 525 (6th ed. 1990)).  In the particular case before it, the Supreme Court of Ohio determined that the plaintiff was an "employee" because the insured paid the claimant wages and had the power and right to direct his work activities. Id. at 687.

In this case, therefore, the plain and ordinary meaning of "employee" is the definition provided by the court in Nationwide.  Plaintiffs, however, have failed to adduce any evidence that The Gerson Company had the power and right to control the Torans' activities in maintaining or upkeeping the insured premises.  Plaintiffs have not adduced any evidence that The Gerson Company paid the Torans a salary or wages for maintaining the premises.  Accordingly, the Torans were not "employees" or "residence employees" of The Gerson Company, and, consequently, they cannot be considered named insureds under the policy.[1]

Moreover, the fact that the Torans were in default on the mortgage at the time of the incident is inconsequential.  A mortgage is simply a security interest to secure a debt and the mortgagor retains all ownership rights in the property, even in default, until the mortgagee forecloses the mortgage.  Hausman v. City of Dayton, 653 N.E.2d 1190, 1194 (Ohio 1995).  In this case, although the Torans were apparently in default of the mortgage

---

[1]In order to be a "residence employee," the individual would still have to be an "employee" of the named insured.  See, supra, at 2 (reciting that under the policy, a "residence employee" is an "employee of yours").

at the time of the dog attack, The Gerson Company had not foreclosed the mortgage.  The Torans, therefore, retained all ownership rights in the Winton Road property and any upkeep and maintenance they did on the premises can only reasonably be considered to have been done for their own benefit.  Even if The Gerson Company incidentally benefitted from the Torans' activities by maintaining the value of the collateral, Plaintiffs have not cited any cases wherein an employer-employee relationship was created between a mortgagee and a mortgagor simply because the mortgagor maintains the mortgaged property.  The Court's research certainly has not found such a case in any jurisdiction.

The facts and the law clearly demonstrate that the Torans were not "employees" or "residence employees" of The Gerson Company.  The Torans, therefore, were not named insureds under the terms of insurance policy and Foremost has no duty to pay Plaintiffs' claim.  Accordingly, Foremost's motion for summary judgment is well-taken and is **GRANTED.**  The complaint is **DISMISSED WITH PREJUDICE.  THIS CASE IS CLOSED.**


**IT IS SO ORDERED**

Date November 2, 2015                                     s/Sandra S. Beckwith
                                                    Sandra S. Beckwith
                                        Senior United States District Judge

7